UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DANIEL MCINTOSH,
    *Plaintiff*

v.

CHUCK MATTER, C.O.
J. VINCELLI, C.O.
SUFFOLK COUNTY SHERIFF'S
DEPARTMENT,
    *Defendant*

DOCKET NO.
05-CV-11689 (PBS)

**DEFENDANTS' CHUCK MATTER AND SUFFOLK COUNTY SHERIFF'S DEPARTMENT ANSWER TO PLAINTIFF'S COMPLAINT**

    The Defendants Chuck Matter and Suffolk County Sheriff's Department, by and through their attorney Timothy V. Dooling, hereby respond to Plaintiff's Complaint. The numbered paragraphs of this answer match the numbered paragraphs of the complaint.

COMPLAINT

1. Defendants Chuck Matter and Suffolk County Sheriff's Department can neither admit nor deny the allegations contained in paragraph no. one as they are without sufficient information or knowledge necessary to form an opinion.

2. Defendants Chuck Matter and Suffolk County Sheriff's Department admit that Officer Charles Mattar is a correction officer at the Suffolk County House of Correction.

3. Defendants Chuck Matter and Suffolk County Sheriff's Department deny the allegations contained in paragraph no. three.

4. Defendants Chuck Matter and Suffolk County Sheriff's Department admit that the House of Correction is located at 20 Bradston St., Boston, MA 02118.

5. Defendants Chuck Matter and Suffolk County Sheriff's Department can neither admit nor deny the allegations contained in paragraph no. five as they are without sufficient information or knowledge necessary to form an opinion.

SHORT

Defendants Chuck Matter and Suffolk County Sheriff's Department admit that on June 8, 2005 Plaintiff was involved in a physical altercation. Correction officer Charles Mattar responded to the altercation.  Defendant Matter did use the emergency response belt in an attempt to control Plaintiff. Defendants Chuck Matter and Suffolk County Sheriff's Department deny the remaining portions of the "Short" section of the complaint found on page one of four.

Defendants Chuck Matter and Suffolk County Sheriff's Department submit no response to the first paragraph on page two of four as this paragraph describes relief sought.

Defendants Chuck Matter and Suffolk County Sheriff's Department submit no response to the second paragraph on page two of four as this paragraph describes alleged personal observations of unrelated incidents not the subject of this complaint.

MY STATEMENT OF FACT

Defendants Chuck Matter and Suffolk County Sheriff's Department admit that on June 8, 2005 Plaintiff was involved in a physical altercation. Correction officer Charles Mattar responded to the altercation.  Defendant Matter did use the emergency response belt in an attempt to control Plaintiff. Defendants Chuck Matter and Suffolk County Sheriff's Department deny the remaining portions of the "My Statement of Facts" section of the complaint found on page three of four.

STATEMENT

Defendants Chuck Matter and Suffolk County Sheriff's Department submit no response to the "Statement" portion of the complaint found on page four of four as this paragraph describes alleged personal observations of unrelated incidents not the subject of this complaint.

AFFIRMATIVE DEFENSES

1. The Plaintiff failed to state a claim upon which relief can be granted pursuant to Mass. R. Civ. P. 12 (b)(6).

2. The Defendants were not the direct or proximate cause of any damages suffered by the Plaintiff.

3. The Defendants deny that they violated any of the Plaintiff's civil rights.

4.  The Defendants deny that the Plaintiff is entitled to any relief requested in his Complaint.

5.  Even if the Defendants were found to be negligent, which they deny, their negligence was not the direct or proximate cause of Plaintiff's alleged injuries.

6.  Defendant Chuck Matter is not an appropriate defendant in this action pursuant to the doctrine of qualified immunity.

7.  Plaintiff has failed to exhaust all of his administrative remedies pursuant to both federal and Massachusetts law.

8.  Any use of force by Defendants was justified by Plaintiff's actions.

9.  Any injuries suffered by Plaintiff were the result of his contributory negligence.

10. The Defendants hereby give notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its answer and to assert any such defense by appropriate motion.

Defendants Chuck Matter and Suffolk County Sheriff's Department request a trial by jury in this matter.

Respectfully Submitted,
For the Defendants
By their Attorney

/s/ Timothy V. Dooling_____
Timothy V. Dooling
B.B.O. # 652400
Assistant General Counsel
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA 02114

Date:    December 18, 2006         (617) 961- 6651

**Certificate of Service**

      I, Timothy V. Dooling, hereby certify that the above *Defendants' Chuck Matter and Suffolk County Sheriff's Department Answer* filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 18, 2006 by first class mail.

                                      /s/ Timothy V. Dooling_____
                                      Timothy V. Dooling